JEROME SCHREIBSTEIN, Bar No. 154051
STEVEN K. GANOTIS, Bar No. 234252
js@paynefears.com
skg@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863

Attorneys for Defendant
EAGLE SYSTEMS INTERNATIONAL, INC., dba
SYNERGY COMPANIES (erroneously sued herein as
Synergy Companies and Eagle Systems International, Inc.)

**ORIGINAL FILED**

MAY 21 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADR

| | |
|---|---|
| EDWARD I. RUANO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SYNERGY COMPANIES, EAGLE SYSTEMS INTERNATIONAL, INC., DEMAND SIDE ENVIRONMENTAL, INC., SAL VACCARO, JUAN ORNELAS, and DOES 1 through 20, Inclusive,<br><br>　　　　Defendants. | CASE NO. C07-02679 EMC<br><br>(Alameda County Superior Court Case No. HG 07318073)<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UDER 28 U.S.C. SECTIONS 1332 AND 1441 (B)** |

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF EDWARD I. RUANO AND HIS COUNSEL OF RECORD:

　　PLEASE TAKE NOTICE that defendant Eagle Systems International, Inc., doing business as Synergy Companies ("Eagle Systems") removes this action from the Superior Court of

PETITION AND NOTICE OF REMOVAL　　　　　　　　　　　　　　　　　　　　　　Case No.

COPY

the State of California for the County of Alameda to the United States District Court for the Northern District of California on the following grounds:

## JURISDICTION

1. This Court has jurisdiction over this action because complete diversity exists under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). Defendants Eagle Systems and Demand Side Environmental, LLC ("Demand Side") are Utah corporations with their principal places of business in Orem, Utah and Saint George, Utah, respectively. As set forth below, individual defendants Sal Vaccaro and Juan Ornelas are "sham" defendants. Eagle Systems is informed and believes that Plaintiff Edward I. Ruano (hereinafter "Plaintiff") resides in the State of California. Accordingly, Eagle Systems seeks to remove this action as detailed below.

## INTRADISTRICT ASSIGNMENT

2. This matter should be assigned to the Oakland or San Francisco Division of the United States District Court for the Northern District of California because a substantial part of the events or omissions which give rise to the claim occurred in Alameda County. Civil L.R. 3-2(c), (d).

## THE STATE COURT ACTION

3. On or about March 29, 2007, Plaintiff filed an action against Eagle Systems entitled "Edward I. Ruano, Plaintiff vs. Synergy Companies, Eagle Systems Internations, Inc., Demand Side Environmental, LLC., Sal Vaccaro, Juan Ornelas, and DOES 1 through 20, inclusive, Defendants" in the Alameda County Superior Court, Case Number HG07318073 (the "State Court Action"). On or about April 20, 2007, Eagle Systems first learned of the State Court

PETITION AND NOTICE OF REMOVAL                                               Case No.

Action when Plaintiff served a copy of the Complaint. A true and correct copy of the Complaint is attached as Exhibit "A" hereto.

4. On May 18, 2007, Eagle Systems timely filed and served its Answer to Plaintiff's Complaint in the Alameda County Superior Court. A true and correct copy of Eagle Systems' Answer is attached as Exhibit "B" hereto.

5. The documents attached hereto as Exhibits "A" through "B" constitute the pleadings, process and orders served upon or by Eagle Systems in the State Court Action.

## COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

6. Eagle Systems is informed and believes that Plaintiff is a citizen of the State of California and was a citizen of the State of California at the time of the filing of the Complaint.

7. Eagle Systems and defendant Demand Side Environmental, LLC ("Demand Side"), were both incorporated in the State of Utah.

8. Eagle Systems and Demand Side perform their executive and administrative functions in Utah. Accordingly, Eagle Systems' and Demand Side's principal places of business are in the State of Utah. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964).

9. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, Eagle Systems and Demand Side are (and were at the time of filing of the Complaint) citizens of the State of Utah.

10. Individual defendants Sal Vaccaro and Juan Ornelas are "sham" defendants. Neither individual defendant has been served. Moreover, none of Plaintiff's claims is valid as against either individual, and they have been named only as "sham" defendants. The only causes of action asserted against the individual defendants are the eighth cause of action for "tortious discharge in violation of public policy" and the ninth cause of action for "breach of implied covenant of good faith and fair dealing." However, there is no possibility that Plaintiff can prevail on either claim against the individual defendants. First, California law does not recognize a cause of action against individual supervisors or co-workers who are not the plaintiff's employer. *Khajavi v. Feather River Anesthesia Medical Group*, 84 Cal. App. 4th 32, 38, 100 Cal. Rptr. 2d 627, 632 (2000) ("Only an employer can be liable for the tort of wrongful discharge of an employee"). Neither individual defendant was Plaintiff's employer. (Declaration of Sal Vaccaro, ¶ 3; Declaration of Juan Ornelas, ¶ 2.) Similarly, because the individual defendants were not plaintiff's employer, there was no employment agreement between Plaintiff and either individual defendant and Plaintiff's "breach of the implied covenant" claim against the individual defendants therefore cannot succeed. *See Bionghi v. Metropolitan Water Dist.*, 70 Cal. App. 4th 1358, 1370 (1999) (Under California law, there can be no breach of the implied covenant of good faith and fair dealing where there is no underlying contract). Under similar circumstances, courts have upheld removal because the individual defendants that would otherwise destroy diversity jurisdiction were found to be "sham" defendants. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (finding that individual defendant supervisors accused of "wrongful termination" were "sham" defendants that did not destroy diversity jurisdiction).

11. Complete diversity among the parties exists because Plaintiff is a citizen of the State of California, Eagle Systems and Demand Side are citizens of the State of Utah, and individual defendants Ornelas and Vaccaro are "sham" defendants.

### THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM

12. It is facially apparent from the Complaint that the amount in controversy exceeds $75,000. First, Plaintiff asserts causes of action on behalf of himself and similarly situated employees for unpaid overtime wages, failure to compensate employees for employer-mandated travel, failure to provide meal and rest break periods, failure to provide an itemized wage statement, and failure to pay wages due upon termination. In addition to compensatory damages, Plaintiff claims that he is entitled to waiting time penalties of up to 30 days' wages for each employee for each occurrence, attorneys' fees, and punitive damages. Plaintiff has also asserted a claim for unfair business practices for which he seeks restitution of "unjustly" retained moneys and recovery of attorneys' fees. Plaintiff has also asserted causes of action for "retaliation" and "tortuous discharge" for which he seeks lost past and future wages based upon his asserted termination date of October 24, 2006, non-economic damages for severe emotional distress, recovery of attorneys' fees, and punitive damages. Finally, Plaintiff has asserted a cause of action for "breach of the implied covenant of good faith and fair dealing" under which he seeks recovery of the alleged benefits owed to him under the terms and conditions of an alleged employment agreement with defendants. Based upon the number of claims, the potential remedies that Plaintiff seeks, and Plaintiff's assertion that he seeks recovery on behalf of similarly situated employees of defendants, it is apparent from the face of the Complaint that the amount in controversy exceeds the jurisdictional minimum of $75,000 specified in 28 U.S.C. § 1332(a) for diversity cases. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (Removal upheld in wrongful termination case where, despite the fact that the Complaint failed to specify damages sought, "lengthy list of compensatory and punitive damages" and claim for attorneys' fees made it facially apparent that amount in controversy exceeded $75,000).

PETITION AND NOTICE OF REMOVAL                                          Case No.

## REMOVAL IS TIMELY

13. This action is being removed within 30 days of the point at which Eagle Systems was served with the "initial pleading" setting forth Plaintiff's claims for relief. 28 U.S.C. § 1446(b). Plaintiff's Complaint was served on April 20, 2007. Accordingly, Eagle Systems is removing this action in a timely manner. *See Johnson v. Harper*, 66 F.R.D. 103, 104-05 (E.D. Tenn. 1975) (where deadline to remove falls on Saturday or Sunday, petition filed on subsequent Monday is timely).

## CONCLUSION

Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs, this Court has original jurisdiction over it, and Eagle Systems may remove it to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b). Eagle Systems respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: May 21, 2007

PAYNE & FEARS LLP

By: _____
JEROME SCHREIBSTEIN
STEVEN K. GANOTIS

Attorneys for Defendant
EAGLE SYSTEMS INTERNATIONAL, INC., dba SYNERGY COMPANIES (erroneously sued herein as Synergy Companies and Eagle Systems International, Inc.)

356369.1